## STATE vs. BURTON F. DONOVAN.

ARSON—INDICTMENT—ALLEGATION OF INCORPORATION.

An indictment charging that defendant solicited another to burn the warehouse of "the Smith Manufacturing Company" was sufficient, without averment of the fact of incorporation, since such fact will be presumed when the name in which the property is laid imports a corporation.

(*June* 30, 1915.)

Judges BOYCE and CONRAD sitting.

*Frank M. Jones,* Deputy Attorney General, for the state.

*Robert C. White* and *Daniel J. Layton, Jr.,* for the accused.

Court of General Sessions, Sussex County, June Term, 1915.

INDICTMENT for solicitation to set on fire a warehouse, No. 5, February Term, 1915.

See 5 *Boyce* 40, 90 *Atl.* 220, on demurrer to indictment.

The indictment charged that Burton F. Donovan, late of, etc., on, etc., with force and arms at, etc., wickedly, unlawfully, maliciously and willfully did solicit, incite and attempt to persuade one Washington Collins feloniously, willfully and unlawfully to set on fire a certain warehouse, then and there the property of "the Smith Manufacturing Company," situate, etc., with intent of him, the said Burton F. Donovan, then and there and thereby to injure the said "the Smith Manufacturing Company," against the act, etc.

C., the prosecuting witness, testified that in March, 1913, he was going over the railroad in Lincoln, in the locality of the property of the Smith Manufacturing Company, to one of his neighbors, when he was called by the accused, and on going to him, the accused, after inquiring what he knew, said, "I have got no outlet here now." I said, "If you have got no outlet, the law will allow every man an outlet or is supposed to." The witness then detailed the following colloquy:

*Accused:* "I thought I could get one in a quicker way, an easier way, than that."

*Witness:* "I don't know about that."

*Accused:* "Would you like to make a little easy money, quick money?"

*Witness:* "I don't know about that; it is according to what it is."

*Accused:* "What would you charge me to come down here some night after everybody is abed and asleep and still and burn those two buildings down—that is, the building or warehouse of the Smith Manufacturing Company, that stand out on the road there?"

*Witness:* "I can't do nothing like that."

*Accused:* "I will give you twenty-five dollars to burn those buildings down."

*Witness:* "No, I can't do that."

"Then he kept on dinging at me, and I said, 'I am in a hurry and must go'."

*Accused:*——"Hold on; don't be in a hurry."

*Witness:* "I insisted on going, and I went on, saying, 'I will let you know something about it later on'."

*Witness:* "I told another person about it the next day, and was told to have Mr. Donovan make me the offer again in the presence and hearing of a witness. So the next night I told Mr. Donovan to come down with me to the buildings, for I did not know anything about firing those buildings, etc.; and he went down there with me and showed me how he could do it, and he told me he would furnish five gallons of oil. There was a man concealed in the building to hear what he said. So after we went in the building, of course I had to ask him some questions to get evidence, and I said to him, 'Don't you think a job like this is worth fifty dollars?' He paused for a moment, and said, 'I will split the difference with you.' It seemed as though he lost his nerve then, and he said, 'We will go out of here,' and that was all."

The testimony as to the solicitation on the second night in the building was corroborated by one T., who was concealed in the building and overheard the conversation between C. and Donovan.

At the conclusion of the state's testimony, counsel for defendant asked the court to instruct the jury to render a verdict of not guilty, because the indictment alleges that the accused attempted

to procure one Collins feloniously and willfully and unlawfully to set on fire a certain warehouse then and there the property of the Smith Manufacturing Company, with intent of him the said Donovan then and there and thereby to injure the said Smith Manufacturing Company, and the state has not proven who or what the Smith Manufacturing Company is; if it is composed of individuals they must prove the name of the individuals, and if it is a corporation, they must prove the name of the corporation. This is an offense against a third person. The Smith Manufacturing Company does not convey any meaning whatsoever. There must be some proof, however slight, of the corporate character of the third person. *State v. Rue*, 72 *Minn.* 296, 75 *N. W.* 235; *Bailey v. State*, 116 *Ala.* 437, 22 *South.* 918; *Braithwaite v. State*, 28 *Neb.* 832, 48 *N. W.* 247; *Burke v. State*, 34 *Ohio St.* 79.

The motion was denied.

BOYCE, J., delivering the opinion of the court:

The accused is charged with wickedly, unlawfully, maliciously and willfully soliciting one Washington Collins feloniously, willfully and unlawfully to set on fire a certain warehouse alleged to be the property of "the Smith Manufacturing Company."

There is some conflict in the cases when a corporate name is pleaded, whether the fact of incorporation must be averred. Generally when the name in which the property is laid imports an incorporation such fact will be presumed. Where the name of a corporation is stated as owner, there need be no averment that it is a corporation. *State v. Rollo*, 3 *Penn.* 421, 54 *Atl.* 683; 22 *Cyc.* 352; 10 *Ency. Plead. & Prac.* 509.

The gravamen of the offense charged is the solicitation of another to set on fire a warehouse. The solicitation constitutes the crime. We decline the motion for binding instructions.

No testimony was introduced on behalf of the accused.

BOYCE, J., charged the jury.

Verdict, guilty.