**SOO HOO HUNG et al. v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. January 5, 1925.)

No. 4317.

Aliens ⊜⟶32(8)—Exclusion of Chinese boys held supported by the evidence.

Discrepancies in the testimony of the alleged father of two Chinese boys, seeking entry as sons of a citizen of the United States, *held* to justify a finding by the immigration officers that the alleged relationship did not exist, and their exclusion.

Appeal from the District Court of the United States for the First Division of the Northern District of California.

Petitions by Soo Hoo Hung and Soo Hoo Mook for writs of habeas corpus, to be directed to John D. Nagle, as Commissioner of Immigration at the port of San Fran-

cisco. From orders denying the petitions, they appeal. Affirmed.

William H. Wylie, of San Diego, Cal., and J. H. Sapiro, of San Francisco, Cal., for appellants.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUD-KIN, Circuit Judges.

HUNT, Circuit Judge. These are appeals by Soo Hoo Hung and Soo Hoo Mook from orders of the District Court denying their petitions for writ of habeas corpus. Appellants are Chinese boys, 8 and 12 years old, respectively, who arrived in the United States in August, 1923, seeking admission as sons of Soo Hoo Hing, a citizen of the United States. Immigration officials denied the applications, and upon appeal the Secretary of Labor dismissed the proceeding.

Soo Hoo Hing is a citizen of the United States, and the question throughout the proceedings has been as to the alleged relationship of father and sons, said to exist between him and the boys. It is established by the record that Soo Hoo Hing made four trips to China and that his visits in point of time made it physically possible for him to be the father of the boys; but the board of review found material discrepancies between his testimony given in the present matter and that given by him on a former occasion (1922), when he swore that he was the father of one Soo Hoo Jin, who was eventually deported because the claimed relationship did not exist.

There were also discrepancies in some of his statements of the dates of the birth of two of his alleged sons, and also concerning his married relations. For instance, in October, 1913, Soo Hoo Hing said that he had been married twice, and that his first wife, Hom Shee, had three boys, and that she died in April, 1913; while in the present inquiry he said he married his second wife in December, 1912, and that his first wife died in April, 1912. Upon his return from a trip to China in 1915, he said he had married his second wife on November 12, 1913. Discrepancies were also found between the statements of the applicants themselves, although the board of review stated that, in the case of the younger applicant, his tender age was to be considered in weighing his testimony.

Applicant Soo Hoo Mook, 12 years old, said his father had been married twice, but that he had no recollection of his mother, who died when he was only 1 or 2 years old. The other boy, Soo Hoo Hung, 8 years old, stated that he and Soo Hoo Mook had different mothers, and that just before he left China the two Chinese women, his mother and Soo Hoo Mook's mother, were both living in the house where the alleged father's second wife lived. Discrepancies in the statements of persons who accompanied the boys on their journey to the United States were noticed by the board of review, but they deemed those above referred to sufficient to discredit the testimony of Soo Hoo Hing, and to establish as a fact that the relationship claimed did not exist.

There is no reason for saying that the immigration officials and the District Court arbitrarily disregarded the testimony. The material differences in the several statements of the alleged father justified the conclusions of the immigration authorities. White v. Chan Wy Sheung (C. C. A.) 270 F. 764, certiorari denied 257 U. S. 654, 42 S. Ct. 95, 66 L. Ed. 419.

It is said that there was exclusion of some testimony bearing upon the question whether or not one Soo Hoo Lit, said to have accompanied the boys on the ship, was their uncle. All that the record shows is that several lines in the testimony of one of the applicants before the board of special inquiry were obliterated by a letter on the typewriter. When or under what circumstances the obliteration was made does not appear; nor does it appear that any omission has been made in the official transcript, or that there was any unfairness or irregularity in the certificate made by a member of the board to the effect that the record of the hearing in the proceeding is correct. We must presume that the transcript is accurate.

Appellants say that the files in the case of Soo Hoo Jin, an alleged son of Soo Hoo Hing, who was deported, though considered in the decision of the applications under consideration, were never brought to the attention of the applicants. The record refutes the contention by showing that the entire record was given to the attorney for these applicants, and that he later returned certain exhibits, which included the files and the exhibit, which it is now said were not brought to the attention of the applicants.

The contention that the immigration authorities required a higher degree of proof than a preponderance of the evidence is not well founded. From the record, considered as a whole, it appears that the immigration authorities were not at variance with the District Court in applying the rule that applicants had no greater burden than to sustain their right to enter by a preponderance of the evidence.

As there is no valid ground for disturbing the final orders of the lower court, they are affirmed.