RICHARD O. PARKER, Appellant, v. STATE OF DELAWARE, Appellee.

(*November* 18, 1964)

WOLCOTT and CAREY, Justices and SEITZ, Chancellor, sitting.

*Murray M. Schwartz* and *Robert C. O'Hara,* for appellant.

*Peter Warren Green,* Deputy Atty. Gen., Wilmington, for State.

Supreme Court of Delaware, No. 83-1962.

WOLCOTT, Justice.

This is an appeal from a mandatory sentence of life imprisonment imposed pursuant to 11 *Del. C.* Sec. 781, following a conviction of rape without a recommendation of mercy. Two errors at the trial are alleged by the prisoner as reasons for the reversal of his conviction. At this time we are concerned only with one of these alleged errors.

It is charged that it was prejudicial error for the trial judge to have instructed the jury at the close of his charge in the following language:

"If you do not feel that the defendant committed the crime of rape upon the prosecuting witness, or if you have a reasonable doubt concerning his *innocence* then your verdict should be not guilty." [Emphasis added.]

The quoted portion of the charge is taken from the trial transcript prepared by a stenotype reporter no longer in the employ of the Superior Court. We state the chronology of the preparation of the trial transcript. The trial terminated October 12, 1962. With no transcript available a motion for a new trial was made on October 18, 1962 which was denied on November 2, 1962. On November 8, 1962 the prisoner's counsel moved that he be supplied with a copy of the trial transcript. The trial court so ordered on November 16, 1962, and the same day sentenced the prisoner, from which sentence this appeal was taken. Not until October 28, 1963, however, was the prisoner furnished with the copy of the trial transcript now before us.

■ It is, of course, obvious that the quoted portion of the trial judge's charge contains a glaring error of law, for the rule of reasonable doubt relates to the guilt, not the innocence of a defendant. There can be no question of this.

The State argues that while this is so, nevertheless the error was not prejudicial to the prisoner and, thus, not grounded for reversal. At this time we express no opinion upon this for the reason that the record before us raises serious doubt as to the accuracy of the reporting of the charge.

■ In the first place, at the time the charge was given counsel for neither the prisoner nor the State took exception to the quoted portion, and both stated in oral argument before us that they had not noticed the glaring misstatement now attributed to the trial judge. We note the wide trial experience of the lawyers involved. This, of itself, raises doubt as to the accuracy of the reporting of his language.

■ Secondly, at two earlier places in his charge, the trial judge correctly stated the application of the rule of reasonable doubt as

follows:

"The defendant in all criminal prosecutions in this State is cloaked with the presumption of innocence, and it is the duty of the State to prove his *guilt* to your satisfaction and beyond a reasonable doubt. [Emphasis added.]

"But in criminal cases, because of the graver consequences of a wrong decision, the juries are required to be satisfied beyond a reasonable doubt of the *guilt* of the accused, or it is their duty to acquit him." [Emphasis added.]

The charge as reported is thus contradictory upon an elementary but fundamental rule of criminal law. Indeed, the rule of reasonable doubt is so well known to lawyers and judges that when it is reported to be contradictorily stated, that fact of itself raises a doubt as to the accuracy of the reporting.

The charge as reported covers nine and one-half typed pages. A reading of it demonstrates that in its course there are thirteen instances of the use of an obviously wrong and, in the context, meaningless word. For example, in defining the defense of mental illness, the trial judge is reported to have said that such illness must be of such character as to "drive him of sufficient will power." Obviously the word which must have been used is "deprive." There are also in the reported charge three instances of obvious omissions of words. There are also in the reported charge four instances of obvious jumbling of words to such an extent as to make the reported passages meaningless or, at best, difficult to understand.

By reason of the foregoing, we entertain serious doubts concerning the accuracy of the trial transcript. Whether or not at this late date it is possible to remove these doubts, we do not know, but we think an attempt should be made because our jurisdiction to sit in review of criminal causes is by Article IV, Sec. 11(1) (b) of the Constitution, *Del. C.* Ann. which authorizes us "to determine finally all matters in error in the judgments and proceedings" of the Superior Court in criminal causes. By the very nature of the right to review, of

██

necessity we must have an adequate and accurate record of the proceedings below. 4 Am.Jur.2nd, Appeal & Error, Secs. 486, 487.

██ ██ It is clear to us that we have no power to conduct hearings of any kind to determine the fact as to whether or not this transcript is a correct recording of what took place at the trial, but we do have power to remand this cause to the trial court for that limited purpose. 4 Am.Jur.2nd, Appeal & Error, Secs. 476, 478; 4A C.J.S. Appeal & Error, Secs. 1117, 1124; *Powers v. Rosenbloom,* 143 Me. 408, 59 A. 2d 844; *Barber Asphalt Paving Co. v. Standard Asphalt & Rubber Co.,* 275 U.S. 372, 48 S.Ct. 183, 72 L.Ed. 318. A remand for such a purpose may be made on motion or by the Court *sua sponte,* as we have elected to do in this appeal. 4A C.J.S. Appeal & Error, Sec. 1138; *Morgan v. Curtenius,* 19 How. 8, 15 L.Ed. 576.

The problem before us is not dissimilar to that before the California District Court of Appeals in *Freitas v. Peerless Stages, Inc.,* 108 Cal.App.2d 749, 239 P.2d 671, 33 A.L.R.2d 778. In that case on appeal it appeared that an instruction to the jury had perhaps been erroneously transcribed by the use of the word "event" instead of the word "absence." During the pendency of the appeal the trial court had conducted a hearing upon the issue and had ordered the record corrected. Holding this to be beyond the power of the trial court, the appellate court remanded the entire record to the trial court which, on the basis of its first hearing, ordered the record corrected. Thereafter, the appellate court approved the correction of the record.

In the present appeal, of course, doubt only exists as to the correctness of the transcript but that doubt is of sufficient moment to cause us to have it resolved. Whether or not this can be done will be determined by the Superior Court after hearing.

We will, therefore, while retaining jurisdiction of the appeal, forthwith remand the record to the Superior Court with instructions to conduct as soon as possible a hearing to determine whether or not the quoted portion of the transcript of the charge to the jury accurately records what was said, to make a finding by order with respect thereto, and thereafter promptly return the record to the Clerk of this Court.