**Richard O. PARKER, Appellant,**

v.

**The STATE of Delaware, Appellee.**

Supreme Court of Delaware.

June 21, 1966.

Murray M. Schwartz, of Longobardi & Schwartz, and Robert C. O'Hora, Wilmington, for appellant.

William Swain Lee, Deputy Atty. Gen., for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

This case was before us previously. Parker v. State, Del., 205 A.2d 531. We then indicated that the appeal involved two alleged errors as reasons for reversal of a conviction of rape, followed by a sentence of imprisonment for life. At that time, we discussed only one of these alleged errors. It involved a statement in the jury charge which, *as reported,* told the jury that, if it had reasonable doubt of defendant's *innocence,* the verdict should be not guilty. Because of doubts concerning the accuracy of the record, we remanded it to the Superior Court for a hearing and determination of accuracy, although we retained jurisdiction of the appeal.

The Court below subsequently held the hearing and found that the record was incorrect and that the word actually used was "guilt" rather than "innocence", the error having been made by the reporter. Thereafter, upon appellant's request, the parties were allowed to brief and argue certain contentions of appellant attacking the validity of the finding. Briefly, these contentions were: (1) our remand was invalid because it was based upon a constitutional provision which had been repealed in 1960*; (2) our remand did not authorize the lower Court to change the record; (3) the lower Court's findings of fact were inadequate to support its conclusion that the record should be changed; (4) the evidence presented was inadequate to justify the change; (5) defendant was entitled to a jury trial on the question of error in the record; (6) the question was not tried by an impartial Judge, since the Judge was sitting in judgment upon his own error. We found no merit to any of these contentions, and entered an order disposing of the matter adversely to appellant.

Later, because of a change in the personnel of this Court, we directed reargument on the point which was not determined in our earlier opinion. The problem now be-

* There was in fact no repeal; the only pertinent change was an alteration in the numbering of the subsection. The error in citation was corrected before publication of the opinion.

fore us is whether the charge concerning mental illness and "irresistible impulse" contained reversible error. Appellant's only defense to the charge of rape was mental illness. Psychiatrists agreed that he knew right from wrong; the disagreement was whether he suffered from mental illness which deprived him of sufficient will power to choose whether he woud do the act or refrain from doing it. The trial Judge devoted several paragraphs of his charge to an explanation of this defense; his statement of the applicable law substantially followed the Delaware precedents. Part of his explanation was in these words:

"The defense offered in this case is mental illness * * * in order for this plea to be effective as a defense, it must be proven to the jury's satisfaction that the accused at the time of the alleged rape was laboring under such a defective reason from disease of the mind as to be incapable of distinguishing between right and wrong, with respect to the particular act committed, or as to be incapable of choosing whether he would do it or refrain from doing it. So long as the person has the mental capacity to know the act done is wrong and is not rendered incapable of controlling the impulse to do it, he is held criminally responsible.

  *    *    *    *    *    *

As I have stated, to exempt a person from responsibility for crime, the mental illness must be of such character as either to deprive him of the capacity to distinguish between right and wrong in respect to the particular act committed, or to deprive him of sufficient will power to choose whether he would do the act or refrain from it.

* * * Therefore, if you should find from the evidence that the defendant's state of mind at the time of the rape was such as to deprive him of sufficient will power to choose whether he would commit the rape or refrain from it, then I say to you, such is a complete defense to the charge, and your verdict should be not guilty by reason of mental illness."

Appellant raises no objection to any of the quoted language. His argument is predicated solely upon a sentence which was included in the portion of the charge wherein the Judge finally stated the various possible verdicts. That sentence is this:

"If you are satisfied beyond a reasonable doubt that the defendant committed the crime of rape upon the prosecuting witness, but are also satisfied that at the time of doing so, the defendant was mentally ill, in that his act was the result of an irresistible impulse, as that term has been defined, your verdict should be not guilty by reason of mental illness".

The present argument is directed to the words "irresistible impulse, as that term has been defined". Appellant contends that the term had not previously been used by the Court and that its use at this point must have been confusing to the jury because the word "impulse" conveys the notion of a sudden, spontaneous act, which this attack clearly was not, because prior acts of the defendant demonstrated considerable planning. He suggests that the jury, by the use of this undefined term, may have been misled into believing that his defense was legally insufficient unless the act was a sudden, impulsive one which could not be resisted, which is not the true meaning of the Irresistible Impulse rule as stated in Longoria v. State, 3 Storey 311, 168 A.2d 695.

■ We cannot agree with appellant's views. Considering the charge as a whole, we think the jury could not have been misled. The reference back to a prior definition could apply only to the earlier language of the charge which has been quoted at length. The fact is that the earlier language contains the expression "incapable of controlling the impulse"; obviously, the word "impulse" was there used in its acceptable sense of "motivating force", as the context clearly shows. Cf. 1 Burdick, Law of Crime, § 213. Moreover, the trial·

Judge explained the true meaning of this defense not once but *three times,* and no objection was made to his explanation. In view of the clarity and emphasis with which that explanation was given, we cannot think that the jury was misled by the questioned sentence into relying upon some other unstated and undefined principle.

■ Appellant contends that the prosecuting attorney likewise misused the word "impulse" in his summation, wherefore the Judge's alleged error was rendered even more significant than it otherwise would have been. To this suggestion, we simply say that it is apparent to us, from the attorney's remarks as a whole, that he used the word in the same sense as did the Judge.

The judgment below must be affirmed.