Francis J. MARTIN, Jr., Defendant below,
Appellant,

v.

STATE of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Submitted Sept. 16, 1975.

Decided Oct. 7, 1975.

Richard Allen Paul and Donald W.
Huntley, Asst. Public Defenders, Wilmington, for defendant below, appellant.

Richard J. McMahon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY. and McNEILLY, JJ.

DUFFY, Justice:

Defendant appeals from convictions for rape and assault in the third degree as a result of which he was ordered imprisoned for life. He makes three arguments to this Court.

I

■ The first of defendant's contentions refers us to the current statute. On July 1, 1973 a new Criminal Code became effective in Delaware and rape is defined therein as follows:

"A male is guilty of rape when he intentionally engages in sexual intercourse with a female not his wife without her consent, or when he intentionally engages in sexual intercourse with a male without such male's consent." 11 Del.C. § 763.

In this case the State's evidence proved oral and rectal intercourse with the victim without her consent. The Commentary to the Code specifically states that such conduct is rape under § 763. See the Commentary to §§ 763, 766. Defendant argues that the Legislature exceeded the reasonable limits of its police power in making non-genital intercourse "rape." He says, quite correctly, that under prior law such conduct amounted to sodomy which traditionally carried a lesser penalty than rape. Cf. *State v. Maida,* 6 Boyce 42, 96 A. 207 (1915). But his attack on Legislative power is made without case support of any kind and, indeed, is unsupported by any citation to authority.

On a number of occasions this Court has stated clearly that the wisdom of legislative policy is not a matter of judicial review. See, for example, *Kreisher v. State,* 303 A.2d 651 (Del.1973). Manifestly, the General Assembly must have some flexibility in defining criminal conduct and establishing penalties for it. Law is an evolutionary and, hopefully, an ascending process, and statutory law is the public consensus of where public policy stands at the time in question. With reference to sexual crimes, the General Assembly must have discretion in updating laws to make them consistent with the needs and mores of the times.[1] Defendant's argument is without merit.

II

· ■ Next, defendant contends that the Trial Court erred in denying his motion to strike an in-court identification. There is no objection to the pre-trial photographic and line-up identification procedures which were followed.

At trial the State elicited an identification of defendant by the victim. Thereafter, as part of direct examination and over objection, the State had the victim select from a collection of photographs those she had earlier identified as pictures of her assailant. Given the prior positive identification of defendant by the victim, both in and out of court, the evidence was corroborative only and would have been more appropriately offered during the State's rebuttal. But, in any event, it was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967).

III

Finally, defendant contends that repeated references to his prior conviction of a felony precluded an impartial verdict.

1. The Commentary to the Model Penal Code, on which the Delaware Code is based· in part, states:

"From the point of view of the woman who is attacked, these deviate forms of aggression (abnormal intercourse by the mouth or anus) would be equally shocking and abhorrent." Comments § 207.4(3). Tentative drafts of the Modern Penal Code, No. 4, p. 243 (parentheses added).

**160**

On direct examination defendant testified that he had three times been convicted of a felony. During cross-examination one question and one answer covered the same ground, thus:

"Q. How many times have you been convicted of a felony?

A. Three." ·

As part of the charge to the jury the Trial Judge read 10 Del.C. § 4303 and explained its meaning.[2]

 Questions regarding prior felony convictions are relevant to the credibility of a witness and are admissible under the statute. *Miller v. State,* Del.Supr., 224 A. 2d 592 (1966). See *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Here, defendant attempted to take some of the sting out of his prior record by presenting the facts to the jury when he testified under examination by his own attorney. Where did that tactic leave the cross-examiner?

 Speaking generally, there is a wide discretion given to counsel during cross-examination as he tests, among other things, the credibility of a witness as well as his ability to observe, remember and relate. But, given the narrow context in which evidence of prior felony convictions is admissible in Delaware, we conclude that the State should not be permitted to simply develop a repetition of what came out during direct testimony. That fact is before the jury and subject to summation comment by either side. The tendency to judge on the basis of a bad general record is too strong to encourage repetition

of it. *Michelson v. United States,* supra. But in imposing this limitation we are concerned only with a cross-examination limited to repetition of the direct. If the State is prepared to go beyond what was developed during direct, the limitation does not apply.

 Here, a single question and answer is the extent of the repetition and, under the circumstances of the case, the error was harmless beyond a reasonable doubt. *Chapman v. California,* supra. As to the Court's instruction, it was cautionary and appropriate, not erroneous.

Affirmed.

2. The Court said:
"Evidence has been introduced which indicates the Defendant's prior record of conviction. There is a statute dealing with this type of evidence to which I now direct your attention, and that is 10 Del.C. § 4303, which reads as follows: 'No person shall be excluded from testifying as a witness by reason of his having been convicted of a felony, but evidence of the fact may be given

to affect his credibility.' The meaning of the statute is that evidence of a prior conviction of any witness may be considered by you in determining the credibility of that witness's testimony; that is, whether or not his testimony is worthy of your belief. Evidence of a prior felony conviction of any witness has no direct bearing on the issue of guilt or innocence and should not be considered as such."