Elwood L. WALLER, Jr., Defendant,
Appellant,

v.

STATE of Delaware, Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted Oct. 10, 1978.

Decided Nov. 6, 1978.

Richard E. Fairbanks, Jr., Asst. Public Defender, Wilmington, for defendant-appellant.

James A. Natalie, Jr., and Timothy H. Barron, Deputy Attys. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

Defendant was convicted in the Superior Court of Robbery in the First Degree, 11 *Del.C.* § 832, and Conspiracy in the Second Degree, 11 *Del.C.* § 512. He appeals, arguing that (a) he was unfairly prejudiced by the State's cross-examination regarding his prior felony convictions and (b) the Trial Judge's instruction to the jury on alibi was legally inadequate.

## I.

The facts are few and, for present purposes, they are not in dispute:

It appears that the victim, Carl E. Taylor, was robbed by two persons during the early morning hours of July 9, 1976, shortly after he left a tavern in Wilmington. The State's case is that defendant and an unknown third person placed a belt around Taylor's neck and took his money. Taylor testified that defendant held the belt while the third person removed thirty one dollars from his (Taylor's) pocket. Defendant denied participation in the robbery, and the testimony of his witnesses constituted an alibi defense.

## II.

We turn now to defendant's arguments in this Court.

First, defendant contends that the State's repeated references to his prior felony conviction deprived him of a fair trial. To understand this argument, it is necessary to examine the pertinent testimony.

On direct examination, defense counsel asked defendant the following question:

"Is there—I want to ask you, have you ever been convicted of a felony?"

Defendant replied, "I have." The Attorney General pursued the matter on cross-examination, when the following exchange took place:

Q. "Mr. Bayard [defense counsel] asked you if you had been convicted of a felony before. You have?

A. I have.

Q. Can you tell us how many times?

A. As far as I know, before—I know it was that one in the year '71.

Q. How many times?

A. One, as far as I know of."

Several moments and several questions later, after an unreported side bar conference, the Attorney General concluded the State's cross-examination of defendant as follows:

Q. "Mr. Waller, to the best of your recollection, how many felonies have you been convicted of?

A. I had two all—like I told you before, all I know of is one.

Defense counsel did not object to any of these questions nor otherwise seek to limit or expunge the testimony as to prior convictions; re-direct examination was conducted without returning to the subject.

In this Court, defendant argues that the State should not have pursued the subject of prior convictions on cross-examination at all because his testimony on direct admitted a conviction and implied that there was only one. Even if it were proper for the State to inquire about the number of prior convictions, defendant argues, the State inquired not once but three times. Defendant says that such repetition so prejudiced the jury as to deny him a fair trial.

The applicable rule was settled by this Court in *Martin v. State,* Del.Supr., 346 A.2d 158 (1975). There, defendant in a rape case testified on direct examination that he had three times been convicted of a felony. On cross-examination, the State induced defendant to repeat his testimony about the prior convictions. We held that it was error (harmless in that case) to permit the State to develop a mere repetition of testimony regarding prior convictions given by defendant on direct examination. We noted, however, that the limit does not apply if the State is prepared to go beyond what was developed during direct examination. 346 A.2d at 160.

The present controversy indicates that some further developing of *Martin* is required for future guidance of the Trial Courts.

■ First, over objection by defendant, the State may ask only two questions regarding his prior convictions: (a) whether defendant has been convicted of a felony; and (b) how many times defendant has been convicted of a felony.

Second, if defense counsel asks these questions of defendant on direct, and defendant answers, the State may not simply repeat the questions on cross examination. If defense counsel asks only the first ques-

tion, the State may ask defendant the second question on cross-examination. If defense counsel asks neither, then the State may ask one or both questions.

Third, the State must accept defendant's answer to each question, whether put by defense or prosecution, unless the State is prepared to show, and so informs the Trial Judge, that his answer is untrue or incomplete.* Only if the State is so prepared may it repeat a question if it has been asked and answered.

■ Turning now to the case at bar, defendant did not object to the State's repeated questions as to the number of prior convictions. Under *Martin,* mere repetition by the State on cross-examination of questions defendant had already answered was improper. But, in the absence of objection, it was not reversible error under the circumstances.

### III.

Defendant's second contention is that the instruction of the Trial Judge on the defense of alibi was inadequate. The State counters by alleging that the trial transcript, on which defendant relies to support his contention, is incomplete. The State has, in effect, moved in this Court for permission to supply the inadequacy by supplementing the transcript with a letter from the Court Reporter.

■ This Court does not conduct hearings to determine the accuracy of trial transcripts. *Parker v. State,* Del.Supr., 205 A.2d 531 (1964); 4 *Am.Jur.2d* Appeal and Error § 476 (1962). But the representations by the State raise some doubt as to the accuracy of the trial transcript. In our view, the appropriate disposition is to remand the case to Superior Court for further proceedings on the accuracy of the transcript, while retaining jurisdiction of the appeal.

We, therefore, retain jurisdiction, but remand the case to the Superior Court for thirty days to give the State an opportunity to apply to the Trial Court for permission to correct the transcript.

Remanded for thirty days from the date hereof.

* In the case at bar, the State has submitted to this Court "evidence", which purportedly relates to the truthfulness of defendant's answers to the State's questions on cross-examination. Such "evidence" was apparently not presented to the Trial Court, and is not a part of the record before us. Supreme Court Rule 9(a). Thus, it has not been considered for decision purposes.