IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF VERNON § No. 516, 2019
MONTGOMERY FOR A WRIT OF §
MANDAMUS §

Submitted: January 30, 2020
Decided: March 4, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### **O R D E R**

Upon consideration of the petition for an extraordinary writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Vernon Montgomery, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus to compel the Superior Court to transmit to this Court two audio recordings as part of the record in his direct appeal in *Montgomery v. State*, No. 242, 2019. The State has filed a motion to dismiss Montgomery's petition on the ground that it manifestly fails to invoke this Court's original jurisdiction. We agree.

(2) In November 2017, a Superior Court grand jury indicted Montgomery for first degree robbery, possession of a firearm during the commission of a felony ("PFDCF"), wearing a disguise during the commission of a felony ("WDDCF"), possession of a firearm by a person prohibited ("PFBPP"), and possession of ammunition by a person prohibited ("PABPP"). Montgomery filed a motion to

suppress. While the motion to suppress was still pending, the Superior Court granted Montgomery's request to proceed *pro se*. After the Superior Court held an evidentiary hearing on the motion to suppress on August 10, 2018, the court denied the motion. Prior to trial, the Superior Court severed the charges of first degree robbery, PFDCF, and WDDCF ("Case A") from the charges of PFBPP and PABPP ("Case B").

(3) On February 5, 2019, Case A proceeded to a jury trial. During the course of jury selection, an allegation of juror misconduct arose. After the trial judge individually questioned each juror about the allegation, the court found that the jury had not been tainted and did not excuse any juror in connection with the allegation.[1] After a three-day jury trial, the jury found Montgomery guilty as charged. Montgomery immediately proceeded to a bench trial on Case B and was found guilty of the person-prohibited offenses. Montgomery has appealed his convictions and sentences to this Court. After filing his notice of appeal, Montgomery filed this petition for mandamus asking the Court to direct the Superior Court to transmit to the Court two audio recordings as part of the record in his direct appeal: (i) the recording of the August 10, 2018 suppression hearing and (ii) the recording of the Superior Court's questioning of the jurors in connection with the allegation of juror misconduct.

---

[1] One juror was excused for an unrelated reason.

(4)     A writ of mandamus is designed to compel the Superior Court to perform a duty if it is shown that: (i) the complainant has a clear right to the performance of the duty; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[2]  A writ of mandamus will not be issued "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(5)     A writ of mandamus is not warranted under the circumstances here. Montgomery cannot establish that the Superior Court had a duty to provide this Court with audio recordings of the proceedings.  The record on appeal consists of the original papers, including photographs, documentary exhibits, and the prepared transcript.[4]  Moreover, Montgomery cannot show that the Superior Court arbitrarily failed or refused to perform its duty. In a separate motion filed with the Superior Court prior to trial, Montgomery sought permission to review the recording of the suppression hearing himself.  The Superior Court correctly noted that the authority to review transcripts for errors lies with the Superior Court itself.[5] After the trial judge listened to the audio recording of the suppression hearing, he concluded that

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*
[4] Del. Supr. Ct. R. 9(a); Del. Supr. Ct. R. 9(b).
[5] *Parker v. State*, 205 A.2d 531, 533 (Del. 1964) ("It is clear to us that [the Court has] no power to conduct hearings of any kind to determine the fact as to whether or not this transcript is a correct recording of what took place at the trial….").

3

the transcript and the audio recording were essentially identical, with only "insignificant, nonsubstantive and irrelevant [discrepancies], mostly relating to pauses and [the like] made by the [Superior] Court during its ruling."

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. Montgomery's petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr. _____
Justice