# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
                                )
     v.                    )     I.D. No.  1710001043
                                )
VERNON MONTGOMERY,    )
                                )
    Defendant.            )

## ORDER DENYING VERNON MONTGOMERY'S MOTION UNDER RULE 61 TO EXPAND THE RECORD TO INCLUDE AUDIO

Upon consideration of the Motion under Rule 61 to Expand the Record and Include Audio (the "Motion") filed by Vernon Montgomery; Order Denying Defendant's Motion for Audio Recording of Suppression Hearing due to Words Missing or Changed entered on January 16, 2019 (the "Order"); and the entire record of this criminal proceeding,

1. The Motion seeks access to the Audio because Mr. Montgomery believes the transcript fails to contain a colloquy between the Court and State during Mr. Montgomery's suppression hearing.  The Motion contends that Mr. Montgomery has "multiple signed affidavits concerning the missing colloquy."  No affidavits regarding the purported missing colloquy are attached to the Motion.

2. The Court addressed a similar request by Mr. Montgomery in the Order.  The standard is clear.  The Court Reporter's transcript is the official record of the hearing.  *See, e.g.*, Admin. Directive No. 2000-5 (Del. Super. Apr. 3, 2000); Admin Directive No. 2001-1 (Del. Super. Apr. 12, 2001).  The only time that the digital audio recording will serve as the official record is when the proceedings were not recorded by a Court Reporter.  *See* Admin Directive No. 2001-1, at p. 8.

3. Delaware has addressed challenges to the accuracy of a trial transcript on only a

few occasions.  The Supreme Court has held that the power lies with the trial court to determine whether a transcript "is a correct recording of what took place at trial…."  *Parker v. State*, 205 A.2d 531, 533 (Del. 1964).  In *Waller v. State*, the Supreme Court also held that the authority to review trial transcripts for errors rests with the trial court.  *Waller v. State*, 395 A.2d 365, 367 (Del. 1978).

4.      Federal Courts have addressed the issue and have held that the Court Reporter's transcript is presumed to be correct or "presumptively correct."  *See, e.g., Abatino v. United States*, 750 F.2d 1442, 1445 (9th Cir. 1985); *United States v. Hoffman*, 607 F.2d 280, 286 (9th Cir. 1979); *Soo Hoo Hung v. Nagle*, 3 F.2d 267, 268 (9th Cir. 1925).

5.      The presumption in favor of transcripts being correct can be rebutted.  "[T]here is no prohibition against the presentation of rebuttal evidence to overcome the presumption."  *Burch v. Kavanagh*, 2000WL 34458950, at *4 (D. Md. Aug. 22, 2000), *aff'd sub nom. Burch v. Corcoran*, 273 F.3d 577 (4th Cir. 2001).  The evidence necessary to rebut the presumption must be something more than a party's own mere speculation, belief or recollection of the record.  *See, e.g., Debose v. Felker*, 2008 WL 4449592, at *4-5 (C.D. Cal. Oct. 1, 2008); *Commonwealth v. Szakal*, 50 A.3d 210, 216 (Pa. Super. Aug. 3, 2012).

6.      Based on the above, it appears that a party may raise an objection to the Court Reporter's transcript but that the objection must be based on something more than mere recollection, speculation or belief.  In the event the Court grants a review, it is the Court and not the party that reviews the audio recording.

7.      The Motion contends that a certain colloquy is absent from the official transcript. Mr. Montgomery contends he has affidavits supporting his position regarding the missing colloquy but fails to provide those to the Court.  The Court is skeptical of Mr. Montgomery's

recollection of the proceedings and the transcript. Previously, the Court reviewed the audio transcript and determined that Mr. Montgomery's allegations regarding the transcript were unwarranted. Moreover, the Court has witnessed Mr. Montgomery testifying and finds that he lacks credibility. The Court will not grant the Motion on Mr. Montgomery's unsupported allegations.

**IT IS HEREBY FOUND AND DETERMINED** that, for the reasons set forth above, cause does not exist for the relief sought; and

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

Dated: May 5, 2021
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:    The Prothonotary
       Vernon Montgomery (SBI#00865718)
       Timothy Maguire, Esq.