**Jay T. SMITH, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 13, 1988.
Decided: May 9, 1989.

Anthony A. Figliola, Jr. of Figliola & Facciolo, Wilmington, for appellant.

Charles E. Butler, Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., MOORE, and HOLLAND, JJ.

MOORE, Justice.

Jay Tee Smith appeals a decision of the Superior Court denying his motion for a new trial following his conviction on the charges of Robbery First Degree and Conspiracy Second Degree. Among other arguments, Smith maintains that the prosecu-

tor improperly commented at trial upon the refusal of the appellant's brother, Robert Smith, an alleged co-conspirator and former co-defendant, to be sworn and testify at the appellant's trial, and that such commentary constitutes impermissible and prejudicial error under *Fletcher v. United States,* 332 F.2d 724 (D.C.Cir.1964). However, in our opinion the introduction of such evidence before the jury is permissible under the rationale of *DeShields v. State,* Del.Supr., 534 A.2d 630, 641 (1987) and *Miller v. State,* Del.Supr., 224 A.2d 592, 594–95 (1966). The State was entitled to comment upon the recalcitrance of Smith's brother to be sworn and testify at the appellant's trial. Furthermore, in the absence of a constitutional privilege justifying his refusal to testify, we conclude that the Superior Court should have summarily held Robert Smith in criminal contempt under 11 *Del.C.* §§ 1271(1) and 1272. Accordingly, we affirm.

### I.

On September 3, 1986, the Video U.S.A. store located in the Crossroads Shopping Center in Wilmington was robbed by two armed black males, who fled the scene in a green Ford Maverick driven by a third black male. Although none of the video store's employees were later able to identify either of the men who had actually performed the robbery, another eyewitness was able to provide information to the police which linked Robert Smith to the green Maverick.

In response to a police request, Robert Smith voluntarily appeared at police headquarters for questioning. During this interrogation, Smith admitted in a taped statement that he had been the driver of the green Maverick in fleeing the scene of the robbery. Additionally, he identified his brother, Jay Tee Smith, and John T. Davis as the actual perpetrators of the robbery. Shortly thereafter, all three suspects were in police custody and under Grand Jury indictment on multiple counts of Robbery First Degree, in violation of 11 *Del.C.* § 832(a)(2),[1] and Conspiracy Second Degree, in violation of 11 *Del.C.* § 513(1) and (2).[2]

The various robbery/conspiracy counts were subsequently severed, resulting in several different prosecutions against the accused parties. Robert Smith, who had already been convicted for the Video U.S.A. robbery, and was awaiting sentencing at the time of the appellant's trial, refused to further cooperate with the State in the criminal prosecution of his brother.

During the *voir dire* at Jay Smith's criminal trial, Robert Smith was called to the witness stand in order to determine whether he would claim a privilege against self-incrimination under the Fifth Amendment and refuse to testify concerning the Video U.S.A. robbery. However, Robert did not invoke this right and simply refused to be sworn or to speak while on the stand, despite his counsel's advice that Robert possessed no such Fifth Amendment privilege in light of his conviction.[3] The trial judge

---

1. **§ 832. Robbery in the first degree.**

 (a) A person is guilty of robbery in the first degree when he commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
 (1) Causes physical injury to any person who is not a participant in the crime; or
 (2) Displays what appears to be a deadly weapon; or
 (3) Is armed with and uses or threatens the use of a dangerous instrument.
 Robbery in the first degree is a class B felony.

2. **§ 513. Conspiracy in the first degree; class D felony.**

A person is guilty of conspiracy in the first degree when, intending to promote or facilitate the commission of a class A felony, he:
 (1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or
 (2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony, and he or another person with whom he conspired commits an overt act in pursuance of the conspiracy.
Conspiracy in the first degree is a class D felony.

3. The appellant argues in his brief that the prosecution should not have been allowed to call a witness which it knew would invoke a Fifth

refused the State's request that Robert be held in contempt under 11 *Del.C.* §§ 1271 and 1272, and he was excused from further participation in the *voir dire* proceedings.

Thereafter, during the trial Robert Smith was again called to the witness stand, without objection by appellant's counsel, in order to establish a foundation under 11 *Del.C.* § 3507 for the admissibility of his prior statement to the police. Consistent with his previous defiance of these proceedings, Robert once more refused to be sworn, and the trial judge again rejected the State's motion to hold the witness in contempt. Furthermore, the trial judge ruled against the State's motion to admit Robert's prior statements to the police into evidence, although the Superior Court did allow the prosecutor to comment upon the silence of the witness to the jury in his closing argument.

Despite these favorable evidentiary rulings for the appellant the jury nevertheless found him guilty of Robbery First Degree and Conspiracy Second Degree. He was subsequently sentenced to a total of eight years imprisonment. Thereafter, this appeal was filed from an order of the Superior Court denying Smith's motion for a new trial.

## II.

Smith raises three claims on appeal:
(a) that the trial court erred in allowing a non-cooperating, alleged co-conspirator's refusal to testify into evidence;
(b) that the State was improperly permitted to cross-examine the appellant concerning his prior felony record;
(c) that the appellant was unduly prejudiced by the trial court's *sua sponte* preclusion of the testimony of an undercover police officer.

■ Initially, we acknowledge that trial judges possess wide discretion in deciding the admissibility and the manner of presentation of evidence before the court and jury. In each instance, the trial judge is in a unique position to evaluate and balance the probative and prejudicial aspects of the evidence. Therefore, absent an abuse of discretion, we do not disturb such rulings. *Whitfield v. State,* Del.Supr. 524 A.2d 13, 15 (1987); *Ciccaglione v. State,* Del.Supr., 474 A.2d 126, 130 (1984).

Moreover, it is clear under Delaware law that, in the absence of plain error affecting substantial rights, objections to evidentiary matters must be made at trial in order to preserve the issue on appeal. Supreme Court Rule 8; DRE 103(d). As Smith did not properly raise any of these claims before the Superior Court, we should not consider them for the first time on appeal unless the error complained of was so clearly prejudicial that the essential fairness and integrity of the trial was compromised. *Rush v. State,* Del.Supr., 491 A.2d 439, 447 (1985); *Dutton v. State,* Del.Supr., 452 A.2d 127, 146 (1982).

■ Smith's first argument is effectively precluded by his failure to raise it below. We also find that it is substantively unsupported by the facts. Smith relies upon *Fletcher v. United States,* 332 F.2d 724 (D.C.Cir.1964) as support for his assertion that the trial court committed prejudicial error when it allowed Robert Smith to take the witness stand, despite Robert's earlier indication in *voir dire* that he would refuse to speak before the jury. However, the opinion of the court in *Fletcher* is clearly limited to circumstances where a witness invokes a Fifth Amendment privilege against self-incrimination. Thus, the appellant's reliance on *Fletcher* is inapposite to the present fact situation, as Robert Smith never invoked such a testimonial privilege at any point in the appellant's trial.

■ While there is a paucity of case law in Delaware and elsewhere in this area, this Court has previously held that it is

Amendment privilege against self-incrimination. We note that whether an alleged accomplice retains a Fifth Amendment privilege to decline to testify following a conviction but prior to sentencing is an unresolved proposition in American constitutional jurisprudence. *See*

*Douglas v. Alabama,* 380 U.S. 415, 420; 85 S.Ct. 1074, 1077, 13 L.Ed.2d 934 (1965). Nevertheless, we are not presently confronted with this delicate question, as Robert never purported to invoke a testimonial privilege at any time during Jay Smith's trial.

appropriate for the prosecution to comment upon missing witnesses under certain circumstances. *See Miller v. State,* Del. Supr., 224 A.2d 592, 594–95 (1966) (proper for prosecutor to comment upon defendant's failure to call certain witnesses to prove alibi); *Boyer v. State,* Del.Supr., 436 A.2d 1118 (1981) (no impropriety in commenting upon defendant's failure to produce key alibi witnesses who were presumably accessible to him); *DeShields v. State,* Del.Supr., 534 A.2d 630 (1987) (prosecutor may comment upon defendant's failure to produce key alibi witnesses). Furthermore, as a former co-defendant and co-conspirator, it is obvious that Robert was in a unique position to offer testimony which could exculpate the appellant. Given these circumstances, we think that there was no abuse of discretion in allowing the State to comment upon Robert Smith's refusal to be sworn and testify at trial.

### III.

 Regarding the appellant's second and third points on appeal, we think they are without merit. On direct examination, the appellant testified that he had previously been convicted of a felony. On cross-examination, the prosecution asked the appellant to state the number of his prior felony convictions over the previous 10 years.

Under Rule 609 of the Delaware Uniform Rules of Evidence, such evidence is admissible at the discretion of the trial judge. Moreover, the exact same sequence of questions and answers has already been approved by this Court. *See Waller v. State,* Del.Supr., 395 A.2d 365, 366 (1978). Furthermore, we find no conceivable prejudice to the appellant by the trial court's exclusion of incriminating statements of the appellant to an undercover police officer.

 Finally, we note for the future guidance of the trial courts that Delaware law prudently allows trial judges broad latitude in determining whether to utilize their contempt power, and that under the present circumstances it would have been highly appropriate for the trial judge to cite Robert Smith for contempt. According to 11 *Del.C.* § 1271, a person is guilty of criminal contempt when, among other actions, he contumaciously refuses to be sworn as a witness in any court proceeding.[4] Additionally, where such refusal is committed in the immediate view and presence of the trial judge and directly tends to interrupt or otherwise impair the respect due the authority of the court, such behavior constitutes a violation of subdivision (1) of § 1271 and subjects the offender to summary punishment under 11 *Del.C.* § 1272.[5]

---

**4. § 1271. Criminal contempt; class A misdemeanor; class B misdemeanor.**

A person is guilty of criminal contempt when he engages in any of the following conduct:

(1) Disorderly, contemptuous or insolent behavior, committed during the sitting of a court, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority; or

(2) Breach of the peace, noise or other disturbance directly tending to interrupt a court's proceedings; or

(3) Intentional disobedience or resistance to the process, injunction or other mandate of a court; or

(4) Contumacious refusal to be sworn as a witness in any court proceeding or, after being sworn, to answer any proper interrogatory; or

(5) Knowingly publishing a false or grossly inaccurate report of a court's proceedings; or

(6) Intentional refusal to serve as a juror; or

(7) Intentional and unexcused failure by a juror to attend a trial at which he has been chosen to serve as a juror; or

(8) Intentional failure to appear personally on the required date, having been released from custody, with or without bail, by court order or by other lawful authority, upon condition that he will subsequently appear personally in connection with a criminal action or proceeding.

Criminal contempt is a class A misdemeanor, except for violations of subdivision (1) of this section. A violation of subdivision (1) of this section shall be a class B misdemeanor.

**5. § 1272. Criminal contempt; summary punishment.**

A person who commits criminal contempt as defined by § 1271(1) of this title may in the discretion of the court be convicted and sentenced for that offense without further criminal proceedings during or immediately after the termination of the proceeding in which the act constituting criminal contempt occurred.

Proceedings under § 1272 provide a legitimate summary method to ensure compliance with lawful orders of the court, and require no further evidentiary or criminal proceedings prior to conviction and sentencing of the offender.

■ While we reject the proposition that trial judges should sanction witnesses for every transgression of the provisions of 11 *Del.C.* § 1271, in light of the need to preserve order and appropriate conduct in judicial proceedings, they should be mindful of their duty to act instantly to control disrespectful or obstructionist tactics in the courtroom. Timely vindication of the court's dignity and authority under § 1272 is often essential to prevent contumacious disruption, whether violent or peaceful, of its proceedings.

Thus to the extent that the issues on appeal are based upon the evidentiary rulings of the trial judge, clearly there was no abuse of discretion which was prejudicial to the interests of the appellant. The judgment of the Superior Court is AFFIRMED.