**Bruce Isaiah WRIGHT, Defendant
Below, Appellant,**

v.

**STATE of Delaware, Plaintiff
Below, Appellee.**

No. 233,2002.

Supreme Court of Delaware.

Submitted: Dec. 10, 2002.
Decided: March 12, 2003.

---

**124.** *Id.* at 1152.

**125.** *Id.* at 1151.

Anthony A. Figliola, Jr., Esquire, Figliola & Facciolo, Wilmington, for Appellant.

Timothy J. Donovan, Jr., Esquire, Deputy Attorney General, Department of Justice, Wilmington, for Appellee.

Before VEASEY, Chief Justice, HOLLAND and BERGER, Justices.

PER CURIAM.

In this case we address the admission of prior out-of-court statements under the hearsay rule. At trial the State sought admission of prior out-of-court statements of several witnesses that recanted their statements during testimony. The appellant objected to admitting one of the statements because he believed it was based, in part, on inadmissible hearsay. The Superior Court, however, could not discern whether the statement was based on hearsay and admitted the statement leaving its credibility for the jury. We find that the Superior Court did not abuse its discretion. Pursuant to that finding we hold that where a court is unable to determine whether a prior out-of-court statement is based on hearsay, it is a matter for the discretion of the court to admit the statement and leave for the jury the issue of the credibility of the statement, and the credibility of the witness giving the statement. We, therefore, affirm the judgment of the Superior Court.

### Facts

In July 2000 Jocobo Crucey was shot to death in Wilmington. After his death, the police conducted an investigation, in the course of which they interviewed several witnesses. The witnesses suggested that the shooting was drug-related, and eventually the police arrested Shemuel Clay for the murder. Clay agreed to speak to the police. He admitted that he was present at the shooting but insisted the appellant,

Bruce Wright, was the actual murderer. Other witnesses confirmed Wright was the murderer. The police subsequently dropped the charges against Clay and arrested Wright.

On November 20, 2000, the State indicted Wright on several charges, including Murder in the First Degree. During the course of pre-trial proceedings the State requested that the court hold a hearing pursuant to Section 3507 of Title 11 of the Delaware Code which governs the use of prior out-of-court statements as affirmative evidence.[1] The State, through the hearing, sought to establish that the prior out-of-court statements of several of its witnesses were voluntary and should be admitted. The State wished to hold the 3507 hearing before trial because it feared that three of its witnesses would recant their statements during testimony. Wright, however, objected to the hearing. The court sustained Wright's objection, thus preventing the State from conducting the hearing during pre-trial proceedings. The court did acknowledge, however, that the State could make another request to have the hearing during the course of the trial if their witnesses did indeed become turncoat witnesses.

The State decided to call the three witnesses at trial despite their apprehension about the witnesses recanting their statements. The witnesses were Shemuel Clay, James Singletary and Cornell Garvin. By the time of their testimony Clay, Singletary and Garvin had become turncoat witnesses, so the State sought admission of their prior statements under 11 *Del. C.*

§ 3507. After questioning the witnesses and the police, the court found the statements were voluntary and admitted them into evidence.

At trial, Wright objected to the admission of Singletary's out-of-court statement, claiming it was based on inadmissible hearsay. The court overruled his objection and found that the question of Singletary's credibility as a witness was for the jury to decide.

Following a jury trial, Wright was convicted of and sentenced on the lesser included charge of Murder in the Second Degree, Possession of a Firearm During the Commission of a Felony, and Possession of a Firearm by a Person Prohibited. Wright appeals.

### *Issue on Appeal*

On appeal Wright contends that the trial court erred by admitting the prior videotaped out-of-court statement of Singletary because it was based on hearsay. The State argues the trial court properly admitted the evidence. This Court reviews for abuse of discretion the trial court's admission of evidence.[2] We hold that Wright did not prove that Singletary's statement was hearsay and affirm the judgment of the Superior Court.

Delaware Rule of Evidence 801(c) states, " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[3] Hearsay is inadmissible unless it meets one of the exceptions in the Rules of Evidence or is admissible as a matter of law.[4]

---

1.  Title 11, Section 3507 of the Delaware Code states in pertinent part, "(a) In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value."

2.  *Feleke v. State,* 620 A.2d 222, 225 n. 5 (Del. 1993) citing *Smith v. State,* 560 A.2d 1004, 1007 (Del.1989) (finding absent an abuse of discretion this Court will not disturb evidentiary rulings).

3.  DEL. R. EVID. 801(c).

4.  DEL. R. EVID. 802.

"[C]ourts generally scrutinize out-of-court statements as to the availability of the speaker, the specificity of the information, the need of the statement in relation to other evidence, its relevancy to the question of guilt and the statement's prejudice to the defendant."[5]

The trial court, in analyzing Wright's objection, found that it was difficult to discern whether or not Singletary's statement was hearsay. In referring to Singletary's statement the court stated, "He indicates that he knows some of the events of the crime, but states today that his knowledge is based on hearsay."[6] The court was uncertain whether the statement was based on hearsay and decided to allow the jury to evaluate the testimony instead. Specifically the court ruled, "The jury can evaluate his credibility based on that testimony as to whether or not he, in fact, is a reliable witness with respect to the events of the murder."[7]

■ The record supports the court's findings. During Wright's cross-examination of Singletary he elicited that portions of Singletary's statement do not deal with what Singletary allegedly heard about the murder. Namely, Singletary talks about identifying various pictures. He also discussed an argument that he witnessed. Thus, although Singletary indicated on the stand that his entire statement was hearsay, that fact remains unclear.

■ Furthermore, even if the statement was hearsay it is not clear that the court erred by admitting it. Singletary was available to testify and was available for cross-examination. In fact, Wright conducted cross-examination and elicited for the jury the fact that Singletary never actually saw the murder occur. It also appeared the State needed the statement because of the fact that the three witnesses, including Singletary, were turncoat. Finally, the trial judge properly concluded that the statement did not cause significant prejudice to Wright because Singletary testified that he never actually saw the murder occur.

***Conclusion***

The trial court was not convinced the statement was hearsay and decided to leave the credibility of the statement, and Singletary as a witness, in the hands of the jury. Furthermore, even if it was hearsay, the trial court did not abuse its discretion by admitting the evidence of Singletary's prior videotaped out-of-court statement.

The judgment of the Superior Court is AFFIRMED.

5. *Johnson v. State,* 587 A.2d 444, 448 (Del. 1991).

6. Trial Record at 72.

