# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,    )
    )
    Plaintiff,    )
    )
    )
    v.    )    Cr. ID No. 0007020610
    )
BRUCE I. WRIGHT,    )
    )
    Defendant.    )
    )

Submitted: December 17, 2015
Decided: January 12, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED.

Danielle J. Brennan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Bruce I. Wright, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

PARKER, Commissioner

This 12th day of January 2016, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. Defendant Bruce I. Wright was charged with Murder in the First Degree, Possession of a Firearm During the Commission of a Felony, and Possession of a Deadly Weapon or Ammunition By a Person Prohibited in connection with the July 17, 2000 shooting death of Jocobo Crucey.

2. After a three week trial, on February 2, 2002, the jury returned verdicts of guilty on the lesser included charge of Murder in the Second Degree, and on the charges of Possession of a Firearm During the Commission of a Felony and Possession of a Deadly Weapon by a Person Prohibited. Defendant was sentenced to a total of 32 years at Level V followed by decreasing levels of probation.

3. Defendant filed a direct appeal to the Delaware Supreme Court. On March 12, 2003, the Delaware Supreme Court denied Defendant's appeal and affirmed the judgment of the Superior Court.[1]

4. On September 17, 2004, Defendant filed a Rule 61 motion for postconviction relief. In that motion, Defendant raised various ineffective assistance of counsel claims. The Superior Court, after full, thorough and complete consideration of Defendant's claims, denied the motion.[2] The Delaware Supreme Court affirmed the denial of Defendant's Rule 61 motion on appeal.[3]

---

[1] *Wright v. State,* 818 A.2d 950 (Del. 2003).
[2] Superior Court Docket No. 63- Superior Court Order dated December 29, 2004 denying Defendant's first motion for postconviction relief.
[3] *Wright v. State,* 2005 WL 2319113 (Del. 2005).

5.      Thereafter, Defendant filed a motion for modification of sentence.[4]  By Order dated August 27, 2008, the Superior Court denied the motion but noted that the sentence had been modified to reflect the correct minimum mandatory sentence for each offense.[5]

6.      Defendant also filed a motion to compel disclosure of the grand jury proceedings which was denied by the Superior Court[6] and dismissed by the Delaware Supreme Court on appeal.[7]

7.      On June 9, 2009, Defendant filed a second Rule 61 motion for postconviction relief, which he re-filed on June 29, 2009 due to the nonconforming nature of the initial filing.  The motion was amended on August 11, 2009 and again supplemented on August 19, 2009.  In that motion, Defendant raised a number of issues alleging due process violations, trial court errors, sufficiency of evidence claims, and ineffective assistance of counsel claims.[8]

8.       On March 10, 2010, a Superior Court Commissioner issued a Report and Recommendation recommending denial of Defendant's Second Rule 61 Motion.[9]  The Commissioner recommended that Defendant's second Rule 61 motion be dismissed since it was procedurally barred on the grounds that it was untimely, repetitive, and could have been raised in prior proceedings and/or was otherwise procedurally barred.[10]

9.      On June 1, 2010, upon consideration of Defendant's Second Rule 61 Motion, the Commissioner's Report, Defendant's Response thereto, and a review of the record, the

---

[4] Superior Court Docket No. 66.
[5] Superior Court Docket No. 72.
[6] *State v. Wright,* 2008 WL 4147575 (Del.Super.).
[7] *Wright v. State,* 2009 WL 281946 (Del.).
[8] See, Superior court Docket Nos. 78, 81, 85 and 87.
[9] Superior Court Docket No. 102.
[10] *Id.*

Superior Court entered an order summarily dismissing Defendant's Rule 61 Motion as time-barred and otherwise procedurally barred.[11]

10.     Defendant appealed the Superior Court's denial of his second Rule 61 motion to the Delaware Supreme Court.  The Delaware Supreme Court concluded that there was no merit to the appeal and affirmed the judgment of the Superior Court denying Defendant's second Rule 61 motion.[12]

## DEFENDANT'S RULE 61 MOTION

11.     On December 7, 2015, Defendant filed the subject motion, his third Rule 61 motion.[13]  In the subject motion, Defendant raises a number of claims.  He raises complaints about the Delaware criminal justice system in general, he re-raises claims regarding the use at trial of witnesses' prior out-of-court statements, he complains of trial errors by the court and prosecutor, and he raises ineffective assistance of counsel claims.[14]

12.     Superior Court Criminal Rule 61, in effect beginning June 4, 2014, provides that any second or subsequent Rule 61 motion shall be summarily dismissed, unless the Defendant establishes:  1) that new evidence exists that creates a strong inference that he is actually innocent; or 2) the existence of a new rule of constitutional law applicable to that defendant's case which would render his conviction invalid.[15]

13.     In the subject motion, Defendant does not raise anything new or recently discovered.  Defendant does not raise any new evidence, let alone new evidence that

---

[11] Superior Court Docket No. 104.
[12] *Wright v. State,* 2011 WL 1585010 (Del.).
[13] Superior Court Docket No. 111.
[14] See, Superior Court Docket No. 111.
[15] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i) (effective June 4, 2014).

3

would create a strong inference that he is actually innocent. Moreover, Defendant does not claim the existence of any new rule of constitutional law that would be applicable to his case. As such, Defendant has failed to meet the pleading requirements allowing him to proceed with his Rule 61 motion. In accordance with the mandates of Rule 61, Defendant's motion should be summarily dismissed.[16]

14. Moreover, in addition to failing to meet the pleading requirements necessary to proceed with the subject motion, Defendant's motion also falls short of other procedural requirements that must be met. If a procedural bar exists, then the claim is barred and the court should not consider the merits of the claim.[17]

15. Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[18] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances (ie. discovery of new evidence or new rule of constitutional law) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[19]

16. In the subject action, Defendant's motion is time-barred. The final order of conviction was in March 2003, and this motion was filed in December 2015, over 12

---

[16] Super.Ct.Crim.R. 61(d)(2) & 5; and Rule 61(i).
[17] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[18] Super.Ct.Crim.R. 61(i)(1).
[19] Super.Ct.Crim.R. 61 (effective June 4, 2014).

years later.[20]  This motion was filed well outside the applicable one year limit. Defendant's claims, at this late date, are time-barred.

17.     As previously discussed, Rule 61(i)(2)(ii) further precludes this court's consideration of Defendant's motion since Defendant has not satisfied the pleading requirements for proceeding with this motion.  Defendant has not established that new evidence exists creating a strong inference of Defendant's actual innocence or the existence of a new rule of constitutional rule.

18.     Rule 61(i)(4) also precludes Defendant's claims raised herein since various claims were already raised and adjudicated in some fashion on Defendant's direct appeal and/or in Defendant's prior postconviction relief motions.  Those claims previously raised are procedurally barred as previously adjudicated.

19.     To the extent that Defendant did not fully raise all of the subject claims on direct appeal or in his timely filed Rule 61 motion, Rule 61(i)(3)  would prevent this court from considering any additional arguments or claims not previously raised. Defendant was aware of, had time to, and the opportunity to raise all of the claims presented herein in a timely filed motion. Defendant does not raise anything new or recently discovered.   All of the documents he relies on in support of his claims are, at least, a decade old.

20.     Defendant has not established any prejudice to his rights and/or cause for relief. Defendant had time and opportunity to raise any issue on direct appeal or in his prior, first, timely filed, Rule 61 motion and either did so, or neglected to do so. There is no just reason for Defendant's 12 year delay in doing so.   Having already been provided with a full and fair opportunity to present any issue desired to be raised in a timely filed motion,

---

[20] Super.Ct.Crim.R. 61(i)(1).

any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.

21.     Defendant has failed to meet the pleading requirements for proceeding with the subject motion and, therefore, the motion should be summarily dismissed.  Defendant's motion is also time barred, repetitive and could have been raised in prior proceedings and/or is otherwise procedurally barred.

22.     Defendant's request for an evidentiary hearing is denied. The court carefully considered Defendant's pending Rule 61 motion and the record in this case and finds that a hearing will not aid in the resolution of the issues presented herein.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be summarily dismissed.

**IT IS SO RECOMMENDED.**

_____/s/_____
Commissioner Lynne M. Parker

oc:     Prothonotary
        Jerome M. Capone, Esquire

6