# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE JOSEPH A. HURLEY,  )  C.M. No. N19M-07-067
                         )
                         )

## ORDER DENYING MOTION FOR REARGUMENT

This 18th day of July, 2019, upon consideration of the record in this case and the Motion for Reargument filed by Joseph A. Hurley, Esquire, it appears to the Court that:

1.     On July 9, 2019, this Court found Hurley in criminal contempt under 11 *Del. C.* § 1271(1) and imposed a sanction of $1,000. The Court's ruling was memorialized in an order entered on that same date.[1] On July 11, 2019, Hurley filed a motion for reargument (the "Motion"). In the Motion, Hurley argues the Court violated his due process rights by finding him in criminal contempt without affording him a jury trial. Hurley therefore asks the Court to "vacate its finding of [c]riminal [c]ontempt and initiate the legal mechanisms necessary to afford [Hurley] his [d]ue [p]rocess [r]ight to a [t]rial by [j]ury."[2]

2.     A motion for reargument will be granted if the Court has "overlooked a controlling precedent or legal principles, or the court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3]

---

[1] On July 17, 2019, the Court entered a corrected order fixing a statutory citation.
[2] Mot. for Reargument at 3.
[3] *Radius Servs., LLC v. Jack Corrozi Const., Inc.*, 2010 WL 703051, at *1 (Del. Super. Feb. 26, 2010).

Hurley's Motion does not meet that standard. Rather, it is Hurley's Motion that overlooks controlling precedent and misapprehends the law, specifically 11 *Del. C.* § 1272 and the cases interpreting it. This Court found Hurley guilty of criminal contempt after he repeatedly did not appear on time for scheduled court proceedings despite reminders and warnings. The Court held that Hurley violated 11 *Del. C.* § 1271(1) because his conduct (i) happened in the Court's immediate view and presence, and (ii) interrupted the Court's proceedings and impaired the respect owed to its authority.[4] Under 11 *Del. C.* § 1272, a person who violates Section 1271(1) may be convicted and sentenced "without further criminal proceedings during or immediately after the termination of the proceeding in which the act constituting criminal contempt occurred." Both the United States Supreme Court and the Delaware Supreme Court have affirmed that summary contempt proceedings do not violate due process when the offense occurs in the Court's presence.[5] Summary contempt proceedings, such as those under Section 1272, ensure compliance with the Court's orders and respect for its authority and "require no further evidentiary or criminal proceedings" before the offender is convicted and sentenced.[6]

---

[4] Contempt Order ¶¶ 1, 3, 4.
[5] *Cooke v. U.S.*, 267 U.S. 517, 534 (1925); *In re Hillis*, 858 A.2d 317, 322 (Del. 2004); *Smith v. State*, 560 A.2d 1004, 1008-09 (Del. 1989).
[6] *Smith v. State*, 560 A.2d at 1009. *See also, Cooke*, 267 U.S. at 534.

Accordingly, the Court has neither misapprehended the law nor violated the movant's due process rights, and Joseph A. Hurley's Motion for Reargument therefore is **DENIED.  IT IS SO ORDERED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Jordan A. Braunsberg, Deputy Attorney General
       Joseph A. Hurley, Esquire